UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,

                                   CRIMINAL CASE NO. 88-50005-3

v.

KIMOTHY ROSS,                             HONORABLE PAUL V. GADOLA
                                                   U.S. DISTRICT COURT
                Defendant.
_____/

## **ORDER**

      Before the Court is Defendant's motion for reconsideration which requests reconsideration of the Court's order transferring Defendant's "Motion Requesting Court to Enforce It's [*sic*] Judgment" to the Sixth Circuit for the necessary certification required of second or successive motions under 28 U.S.C. § 2255. In transferring Defendant's motion, the Court noted that, despite its title, the motion was essentially a motion to correct sentence under 28 U.S.C. § 2255. Yet, Defendant had previously field such a motion, and therefore the Court could not entertain Defendant's new motion without the required certification from the Court of Appeals provided for by 28 U.S.C. § 2244.

      Defendant's motion for reconsideration disputes this account and states that Defendant "does not [] seek to correct his sentence, but to simply enforce the pre-existing order that allows for a modification of his sentence because the unconstitutional nature of his sentence was acknowledged by his sentencing Court in 1988." Mot. for Recon. at 2. Defendant is referring to a provision in the Court's July 12, 1988 judgment which reads:

> The following contingent sentence is imposed by the Court in the event the Sentencing Reform Act is found to be unconstitutional:
>
> On Count One: It [i]s adjudged that the defendant is hereby committed to the custody of the Attorney General or his authorized representative for imprisonment for a term of twenty (20) years under 4205(a)

Judgment at 5 (July 12, 2005). Defendant argues that since the Supreme Court found the United States Sentencing Guidelines to be unconstitutional in *United States v. Booker*, 543 U.S. 220 (2005), Defendant's sentence of 360 months (30 years) should be replaced by the contingent sentence of 20 years.

**However, the Court's judgment of July 12, 1988, was replaced by an amended judgment filed on July 15, 1998 which excluded the provision quoted above.** In other words, the Court's judgment does not allow for a modification of Defendant's sentence now that the Sentencing Reform Act was found to be unconstitutional. Thus, Defendant's motion requesting the Court to enforce its judgment requested relief which would have required the Court to correct, modify, or vacate Defendant's sentence and was therefore a second or successive motion under 28 U.S.C. § 2255.

**ACCORDINGLY, IT IS HEREBY ORDERED** that Defendant's motion for reconsideration [docket entry 280] is **DENIED**.

**SO ORDERED.**

Dated: January 3, 2006        s/Paul V. Gadola
                              HONORABLE PAUL V. GADOLA
                              UNITED STATES DISTRICT JUDGE

Certificate of Service

I hereby certify that on   January 3, 2006   , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
                                                Mark C. Jones                          , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:                   Kimothy Ross                            .


                                          s/Ruth A. Brissaud
                                          Ruth A. Brissaud, Case Manager
                                          (810) 341-7845